Vitronics v. Conceptronic                    CV-91-696-L    03/13/95

### THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

Vitronics Corporation

    v.                                                    #C-91-696-L

Conceptronic, Inc.


### ORDER

Analogous to the complexities typical to patent infringement issues, since inception this case has followed a long and tumultuous course.

During the course of a hearing on December 7, 1994, counsel for Conceptronic, Inc. indicated to the court concern over a motion for clarification, submitted by the plaintiff, representing that the defendant had not directly infringed the '502 patent.  The defendant incorporated the concern into an oral motion for summary judgment.  The court now considers whether the representation by the plaintiff warrants judgment as a matter of law.  Plaintiff has filed an objection to defendant's oral motion for summary judgment (Doc. 155).


BACKGROUND

Plaintiff is a Massachusetts corporation with its principal place of business in Newmarket, New Hampshire.  Defendant is a

Delaware corporation with its principal place of business in Exeter, New Hampshire. Defendant is engaged in the design, manufacture and marketing of proprietary equipment used to assemble and repair surface mounted printed circuit boards.

Plaintiff was issued United States Patent Nos. 4,654,502 ('502 patent) and 4,833,301 ('301 patent) for inventions entitled "Method for Reflow Soldering of Surface Mounted Devices to Printed Circuit Boards" and "Multi-Zone Thermal Process System Utilizing Non-Focused Infrared Panel Emitters." The '502 patent relates to a process for reflow soldering of surface mounted devices to printed circuit boards. The '301 patent relates to the apparatus used in the reflow soldering process.

Plaintiff commenced this patent infringement action on November 26, 1991, charging infringement of the two patents. Plaintiff claims that defendant has actively infringed on these patents by making, using and selling without license from plaintiff, products which incorporate the inventions claimed in the patents.

In attempting to narrow the issues for trial, at a hearing conducted on December 7, 1994 defendant brought to the court's attention a statement by the plaintiff, within a motion for clarification, purporting to clarify the scope of infringement liability. Within the motion for clarification, plaintiff stated

that

> The claims of the '502 patent, one of the two patents alleged to be infringed, are method claims which are directly infringed <u>not by Conceptronic</u> but by its customer, the users of the ovens.
>
> (Exhibit B) (emphasis added)

According to defendant, if the plaintiff contends that it is the defendant's customers, and not the defendant, who violate plaintiff's patent, then summary judgment is appropriate to remove from trial the issue of direct infringement of the '502 patent by defendant Conceptronic.  Further, defendant maintains that even though Vitronics may now assert the exact opposite position, namely that Conceptronic is or has directly infringed the '502 patent, plaintiff should nonetheless be held to its prior representation that Conceptronics has not directly in-fringed the '502 patent.  Fundamental to its request for summary judgment, the defendant is concerned that Vitronics should not be allowed to make a representation to the court and then argue, at some later date, that the representation is or should be with-drawn.


DISCUSSION

Summary judgment under Fed. R. Civ. P. 56(c) is proper only if, viewing the record in the light most favorable to the non-

3

moving party, the documents on file disclose no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Jorge Rivera Surillo & Co. v. Falconer Glass Indus., 37 F.3d 25, 27 (1st Cir. 1994). "Only disputes over facts that might affect the outcome of the suit" are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.; Oliver v. Digital Equipment Corp., 846 F.2d 103, 105 (1st Cir. 1988). The moving party initially must "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party has made the required showing, the adverse party must "go beyond the pleadings" and designate specific facts to demonstrate the existence of a genuine issue for trial. Fed. R. Civ. P. 56(c); Oliver, 846 F.2d at 105.

The purpose of summary judgment is "to pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st Cir. 1992); Snow v. Harnischfeger Corp., 12 F.3d 1154, 1157 (1st Cir. 1993). In deciding on a motion for summary judgment, a "court must view the record in the light most favorable to the nonmovant, accord-

4

ing the nonmovant all beneficial inferences discernable from the evidence."  Snow, 12 F.3d at 1157; Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (citations omitted).  Moreover,

> [a]lthough the same standard for summary judgment is used in patent cases as in other cases, the standard is somewhat more difficult to meet in patent cases, because not only must no genuine issues of material fact exist, but to grant summary judgment properly, the trial court must in addition construe the claim correctly and conclude that it would be not possible for the trier of fact to find infringement.

Safe Flight Instrument Corp. v. Sundstrand Data Control, Inc., 706 F. Supp. 1146, 1149 (D.Del 1989), aff'd without opinion, 899 F.2d 1228 (Fed. Cir.), cert. denied, 498 U.S. 919 (1990).

In light of the heightened standard enunciated for patent cases, this court will approach a motion for summary judgment cautiously.  "Because . . . [patent] infringement is itself a fact issue, a district court must approach a motion for summary judgment of infringement or non-infringement with a care proportioned to the likelihood of its being inappropriate."  SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1116 (Fed. Cir. 1985) (citations omitted); see also Gillette Co. v. Warner-Lambert Co., 690 F. Supp. 115 (D.Mass. 1988) (summary judgment usually inappropriate in fact-driven patent infringement cases); Precision Metal Fabricators, Inc. v. Jetstream Systems, Co., Div. of Oerlikon Motch Corp., 693 F. Supp. 814, 815 (N.D. Cal. 1988) ("Summary judgment is rarely appropriate in patent infringement

5

actions").

With these fundamental principles in mind, the court is
content that plaintiff's complaint and the compiled record
fulfill the threshold criteria of alleging material facts and
genuine issues. See Connecticut General Life Ins. Co. v. Uni-
versal Ins. Co., 838 F.2d 612, 622 (1st Cir. 1988). Therefore,
the court opines defendant's motion for summary judgment must be
denied.

Apposite to the above conclusion, in the complaint for
patent infringement, the plaintiff expresses that

> [o]n March 31, 1987, United States Patent No.
> 4,654,502, disclosing and claiming an invention
> entitled "METHOD FOR REFLOW SOLDERING OF SURFACE
> MOUNTED DEVICES TO PRINTED CIRCUIT BOARDS" (the '502
> patent) was duly and legally issued to plaintiff
> Vitronics Corporation, as assignee from the name sole
> inventor Edward J. Furtek. By virtue of said
> assignment and issuance Vitronics is the sole owner of
> U.S. Patent No. 4,654,502 . . . .
>
> *                          *                          *
>
> Defendant Conceptronics has actively infringed and is
> believed to be actively infringing the '502 patent . .
> ., in violation of 35 U.S.C § 271(a), by making, using
> and selling, without license from Vitronics, products
> which incorporate . . . the normal and intended oper-
> ation of which employ the invention claimed in the '502
> patent.

Doc. 1.

Further, in addressing defendant's contention, concerning
infringement, at the hearing conducted before this court on

December 7, 1994, plaintiff's attorney expressed that

> [t]he damages, however, in this case would come from
> the extensive use of the ovens by the customers and
> that's what we're talking about.  We are not conceding
> you (defendant) have never used the oven . . . .

Additionally and consistent with the complaint and the representations made by plaintiff's attorney on December 7, 1994, within its response to defendant's motion for summary judgment, plaintiff offers that "[a]lthough it is certainly correct to say that the method claims are directly infringed principally by Conceptronic customers, the users of the ovens, Conceptronics has also itself infringed the method claims." Doc. 155.

With the above evidence tending to allege that defendant uses a reflow method similar to plaintiff's, plaintiff has placed directly at issue a factual question pertaining to infringement of the '502 patent.  Further, in light of such evidence, plaintiff not only presents a question as to whether defendant induced infringement but also presents a question of whether defendant in fact directly infringed the '502 patent.  This being the case, there is a genuine issue of material fact presented and needy of resolution.

As a brief but relevant aside, the court is somewhat bewildered by defendant's contention that summary judgment is proper in instances where a party makes alternative repre-

7

sentations or relies on alternative theories of liability.  Not surprisingly, the case law supporting such a postulate is rather barren.

Even if the court were to subscribe to defendant's notion that plaintiff has made alternative representations, this factor alone does not warrant or justify granting summary judgment. After all, parties are entitled to plead alternative grounds of liability.  See Cool Light Co. v. GTE Products Corp., 973 F.2d 31, 35 (1st Cir. 1992) (Party entitled to plead alternative theories of liability, but party is not entitled to recover multiple awards of damages for a single harm).  This ability to plead alternative theories of liability is embodied in Fed. R. Civ. P. 8(e).  Fed. R. Civ. P. 8(e) provides, in pertinent, part that

> 1)  Each averment of a pleading shall be simple, concise, and direct.  No technical forms of pleadings or motions are required.
>
> 2)  A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses.  . . .  A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

If a court subscribed to defendant's notion that a plaintiff should be held to a representation advanced in a single paragraph and within a single memorandum, then the court's empowered

8

responsibility of regarding the entire record before moving on a motion for summary judgment would be severely undermined. This is particularly true, as is the case here, where the legal issues are complex and the record is voluminous.

To recapitulate, relying on the representations offered by the plaintiff, there are reasonable indications and inferences that the representations by the plaintiff consistently allege that defendant may be liable for not only infringing plaintiff's patent, but also for contributing to or inducing the infringement of the '502 patent.

CONCLUSION

Based on the evidence before the court and the recognized maxim that questions of patent infringement are factual in nature, it is clear there are disputed questions of fact between the parties. Fundamentally, questions arise as to whether or not there is a direct infringement or contributory infringement of United States Patent No. 4,654,502.

Although patent issues may be resolved by employing summary resolution, when material facts are in dispute and expert and documentary evidence are needed for prudent resolution, summary judgment is not warranted. Texas Instruments, Inc. v. United States International Trade Commission, 988 F.2d 1165 (Fed. Cir.

9

1993); <u>Quad Environmental Technologies Corporation v. Union Sanitary District</u>, 946 F.2d 870, 872 (Fed Cir. (Cal.) 1991). Such is the case here.

For the aforementioned reasons, defendant's oral motion for summary judgment is denied.

March 13, 1995


                                    _____
                                    Martin F. Loughlin
                                    Senior Judge

Michael Lenehan, Esq.
Lawrence M. Green, Esq.
Kenneth A. Sweder, Esq.
Paul J. Hayes, Esq.
George R. Moore, Esq.